FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2017 OCT -5 AM 10: 39
JEFFREY P. COLWELL
CLERK
_____DEP CLK

IN THE UNITED STATES DISTRICT COURT DISTRICT OF COLORADO

| JOAN GRACE HARLEY, CHRIS SEVIER, JOHN GUNTER JR, WHITNEY KOHL, *Plaintiffs* V. MASTERPIECE CAKE SHOP LTD., JACK PHILLIPS *Defendants* | | Case No: 17-cv-1666 Judge Martinez Magistrate Judge Wang |
|---|---|---|

## LEAVE TO FILE BRIEF AMICUS CURIAE OF THE CENTER FOR GARDEN STATE FAMILIES IN SUPPORT OF NEITHER THE PLAINTIFFS NOR DEFENDANTS

Amici curiae respectfully move pursuant to Federal Rule of Civil Procedure 29 for leave to file the brief that neither favors the Plaintiffs nor the Defendants. All Courts lack subject matter jurisdiction to enforce CADA because it is unconstitutional under the Establishment Clause's lemon test in both its making and in its enforcement. To enforce CADA creates an indefensible legal weapon that excessively entangles the government with the religion of Secular Humanism, also referred to as "Moral Relativism." The Defendants take a defensive position in defending Jack Phillips in similar cases by arguing that the enforcement of CADA is unconstitutional under the freedom of expression clause. That defense has repeatedly failed, although it should have prevailed. However, the amicus filer provides the Court and the Defendants with a far superior Constitutional defense, which goes on the offense and asserts that CADA is unconstitutional under the Establishment Clause in its making and in its enforcement for violating all three prongs of lemon - (1) lacking a secular purpose, (2) creating an indefensible legal weapon, and (3) excessive entanglement. The First Amendment Establishment Clause prohibits the legislatures

and the Colorado state courts from making and enforcing CADA as applied to the states under the Fourteenth Amendment. The Establishment Clause prohibits this Court from allowing the Plaintiffs to enforce CADA against the Defendants as applied to the Federal Court under the Fifth Amendment just as it prevents self-identified homosexuals from enforcing CADA in the related action pending before the United States Supreme Court. It is important that the amicus brief be accepted because the amicus filer and others are not convinced that Jack Phillips is being adequately defended by counsel of record, whose business model hinges on Christian persecution. It is a matter of public record that Alliance Defending Freedom has launched a herculean fundraising effort to profiteer off of a controversy where the wrong defense is being made. It is a fact that the Counsel for the Defendants has an economic disincentive to make the correct Constitutional defense. This is not to criticize Defense Counsel, but it is a reality that persecution of Christians is good for their business model, which makes their practices bad for Democracy, and naturally creates an insurmountable conflict of interest. See 1.7 Colorado Rules of Professional Responsibility. Amicus is concerned with a lackluster defense of Jack Phillips that has only be marked by failure for cause, as the record shows. It is also a fact that Alliance Defending Freedom has not prevailed in similar actions involving similar statutes in other cases. Alliance Defending Freedom uses fear of persecution to increase their donor base while making the wrong Constitutional arguments in every case either intentionally or due to a spectacular lack of understanding of the Constitution. The Defendants in this action should prevail, not for silly procedural reasons or because the enforcement of CADA would violate the Defendants' freedom to express themselves. No indeed! The Defendants should prevail because CADA is unconstitutional under the Establishment Clause in both its making and in its enforcement. This

means that no individual can enforce CADA against the Defendants to include polygamist and machinists, as well as self-identified homosexuals in the pending actions before the Supreme Court. The evidence shows that Alliance Defending Freedom refuses to make that argument for reasons that are beyond disturbing.

The Mission of The Center for Garden State Families is to protect and promote faith, freedom and the natural family, in culture and public policy.[1] The Center for Garden State Families is a national non-profit organization that has supported, since its inception, many thousands of families of individuals with unwanted same-sex attraction who have made the personal decision to leave homosexuality. The Center for Garden State Families advocates for the ex-gay community and educates the public about sexual orientation. The Center for Garden State Families appears as *amicus* to address the purported immutability of homosexuality, which is relevant to whether this Court should continue to declare that sexual orientation is a new suspect class or whether sexual orientation mythology is a matter of religion flowing from the church of Secular Humanism.[2] For purposes of the Establishment Clause Secular Humanism,

---

[1] https://www.gardenstatefamilies.org/. The Center for Garden State Families focuses on five main areas: Freedom of Religion, Freedom of Speech, Freedom of the Press, The Right of Assembly Redress of Grievances, and Opposing the alleged special rights of sexual minorities (LGBT).

[2] The Center for Garden State Families affirms sexual orientation is a fluid, transient, personal characteristic, and that individuals can and do change their sexual orientation and therefore self-asserted sex-based identity narratives that are questionably real, moral, and legal are not secular and are an extension of the church of Secular Humanism, Postmodern Western Moral Relativism, and Expressive Individualism. While all individuals are free to self-identify as whatever they want, neither the State nor the Federal Government can legally recognize parody marriages.

and with it, "gay marriage" are a religion according to the Supreme Court in *Torcaso v. Watkins*, 367 U.S. 488 (1961).[3]

The Center For Garden State Families has a strong interest in the outcome of this case. Fake sexual orientation civil rights statutes, like CADA, amount to a license to socially ostracize, marginalize, and even violently oppress individuals who have converted out of the LGBTQ church. Many ex-gays who have been persecuted by the LGBTQ community work for or with or are affiliated with The Center For Garden State Families who have experienced personal coercion at the hands of the LGBTQ church, who continues to use government to oppress and marginalize non-observers to the their version of the religion of Secular Humanism. The evidence shows that all self-asserted sex-based identity narratives are governed under the exclusive jurisdiction of the Establishment Clause and that the Equal Protection And Substantive Due Process Clauses have been falsely used to enshrine a non-secular sham, to cultivate an indefensible legal weapon against non-observers, and to excessively entangle government with the religion of moral relativism.

The Amicus is also filing the same brief in similar cases in *Sevier et. al. v. Herbert et. al*, 2:16-cv-00659 (C.D. U.T. 2016), *Sevier et. al. v. Hickenlooper et. al.*, 17-cv-1750 (C.O.D. 2017), *Sevier et. al. v. Ivey et. al.*, 2:17-cv-01473 (N.D. A.L.2017), *Gunter et.al.v. Bryant et. al.*, 3:17-cv-00177-NBB-RP (N.D M.S. 2017), *Sevier et. al. v. Brown et. al.*, 3:17-cv-05046 (N.D. C.A. 2017), *Kohl et. al. v. Hutchinsen et. al.*, 4:17-cv-00598 (E.D. A.R. 2017), and *Sevier et. al.*

---

[3] See also *Washington Ethical Society v. District of Columbia*, 101 U.S.App.D.C. 371, 249 F.2d 127 (1957);; 2 Encyclopaedia of the Social Sciences, 293;; J. Archer, Faiths Men Live By 120—138, 254—313 (2d ed. revised by Purinton 1958);; Stokes & Pfeffer, supra, n. 3, at 560;;;; *Welsh v. U.S*, 1970 398 U.S. 333 (U.S. Cal. June 15);; *Edwards v. Aguillard*, 482 U.S. 578, 583 (1987).

v. *Lowenthal et. al.*, 1:17-cv-00570 (D.C. 2017). If the Court were to fail to permit Amicus filer to submit a brief here, it could lead to absurd and inconsistent judicial results. It is no doubt an indictment on the Courts at large that the Plaintiffs have filed this action under CADA and at the same time filed a lawsuit against the state of Colorado to have CADA overruled in *Sevier et. al. v. Hickenlooper et. al.*, 17-cv-1750 (C.O.D. 2017). The amicus filed a brief in *Sevier et. al. v. Hickenlooper et. al.*, 17-cv-1750 (C.O.D. 2017) in which they came down on the side of the Plaintiffs. Yet, the Plaintiffs in this case are correct: if self-identified homosexuals can enforce CADA, then so can self-identified polgyamists and machinists.

/s/Anna C. Little, Esq./
Attorney at Law
426 Route 36, suite 3
PO Box 382
Highlands, NJ 07732
732 708 1309, 732 391 2134 fax
anna@annaclittleesq.com
www.annaclittleesq.com
Attorney For Amicus Curiae

## CERTIFICATE OF SERVICE

A true copy of the foregoing will be served electronically via ECF upon all counsel of record and is also being served via First Class Mail and/or electronic mail upon the following on this the 29th day of September 2017: Jacob Paul Warner Alliance Defending Freedom-Scottsdale 15100 North 90th Street Scottsdale, AZ 85260 480-444-0020 Fax: 480-444-0028 Email: jwarner@ADFlegal.org ATTORNEY TO BE NOTICED Jonathan Andrew Scruggs Alliance Defending Freedom-Scottsdale 15100 North 90th Street Scottsdale, AZ 85260 480-444-0020 Fax: 480-444-0028 Email: jscruggs@ADFlegal.org ATTORNEY TO BE NOTICED Katherine Leone Anderson Alliance Defending Freedom-Scottsdale 15100 North 90th Street Scottsdale, AZ 85260 480-444-0020 Fax: 480-444-0028 Email: kanderson@ADFlegal.org ATTORNEY TO BE NOTICED Kristen Kellie Waggoner Alliance Defending Freedom 15100 North 90th Street Scottsdale, AZ 85260 480-444-0020 Email: kwaggoner@adflegal.org ATTORNEY TO BE NOTICED Samuel David Green Alliance Defending Freedom-Scottsdale 15100 North 90th Street Scottsdale, AZ 85260 480-444-0020 Fax: 480-444-0028 Email: sgreen@ADFlegal.org;

Chris Sevier 9 Music Square South, Nashville, TN 37203; 615 500 4411;
ghostwarswarsmusic@gmail.com


/s/Anna C. Little, Esq./
Attorney at Law
426 Route 36, suite 3
PO Box 382
Highlands, NJ 07732
732 708 1309, 732 391 2134 fax
anna@annaclittleesq.com
www.annaclittleesq.com
Attorney For Amicus Curiae